# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.

                                                    **No. 13-cr-0985 MV-1**
                                                  **No. 15-cv-0988 MV/SMV**

FEDERICO LUJAN,

      Defendant/Petitioner.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant/Petitioner's Amended Petition Pursuant to 28 U.S.C. § 2255 [CV Doc. 16, CR Doc. 173],[1] filed May 3, 2016, and on the Magistrate Judge's Proposed Findings and Recommended Disposition [CV Doc. 11, CR Doc. 168], filed on April 5, 2016. Having considered de novo the Magistrate Judge's Proposed Findings and Recommended Disposition, Petitioner's objections [CV Doc. 12, CR Doc. 169], the Government's response to the objections [CV Doc. 14, CR. Doc. 171], the entire record in this case, relevant law, and being otherwise fully advised in the premises, the Court finds that Petitioner's objections are well-taken and will be sustained. However, Petitioner's claim of ineffective assistance of counsel, [CV Doc. 16, CR Doc. 173] at 5–12, will be denied. Finally, the remaining claim regarding Petitioner's sentence under § 924(c), [CV Doc. 16, CR Doc. 173] at 12–16, will also be denied.

---

[1] References that begin with "CV" are to Case No. 15-cv-0988 MV/SMV. References that begin with "CR" are to the underlying criminal case, Case No. 13-cr-0985 MV.

## Background

On March 27, 2013, a federal grand jury indicted Petitioner on two counts of aggravated assault under 18 U.S.C. § 1152 and NMSA 1978, § 30-3-2(A) and one count of using, carrying, and possessing a firearm during and in furtherance of a crime of violence under 18 U.S.C. § 924(c). [CR Doc. 28].

At trial, the jury found Petitioner guilty on all three counts. [CR Doc. 152] at 91–92. The Court sentenced Petitioner to two days on each count of aggravated assault, to run concurrently, and 120 months on the § 924(c) count (the mandatory minimum sentence when the jury finds that a defendant discharged a weapon during a crime of violence) to run consecutively. [CR Doc. 127] at 2.

Petitioner filed a Notice of Appeal on November 25, 2014. [CR Doc. 129]. The Tenth Circuit Court of Appeals filed an Order noting that "it has been long held in this circuit that claims of ineffectiveness of trial counsel generally must be raised (if at all) in the post-conviction context, not in a direct criminal appeal." [CR Doc. 141] at 2. The Court of Appeals then granted Petitioner's motion to dismiss his appeal on June 29, 2015. [CR Doc. 157-1].

Petitioner, who is currently incarcerated and represented by counsel in this matter, filed his original § 2255 Petition on October 30, 2015, arguing that Petitioner's trial counsel was ineffective for failing to request a jury instruction for negligent use of a deadly weapon under NMSA 1978, § 30-7-4, which he contends is a lesser-included offense of aggravated assault with a deadly weapon under NMSA 1978, § 30-3-2. *See generally* [CV Doc. 1, CR Doc. 158]. Petitioner asserts that trial counsel's failure to request the instruction matters because, had he only been convicted of negligent use of a deadly weapon (a misdemeanor) instead of aggravated

assault with a deadly weapon (a felony), the mandatory 10-year sentence under § 924(c) would not have applied. *Id*. at 4.

The Government responded on December 31, 2015.  [CV Doc. 5, CR Doc. 162]. Petitioner replied on January 22, 2016.  [CV Doc. 6, CR Doc. 163].  With permission of the Court, the Government filed a surreply on January 27, 2016.  [CV Doc. 9, CR Doc. 166].  The Honorable Stephan M. Vidmar, United States Magistrate Judge, issued his Proposed Findings and Recommended ("PF&RD") on April 5, 2016.  [CV. Doc. 11, CR. Doc. 168].  Petitioner objected on April 22, 2016.  [CV Doc. 12, CR Doc. 169].  The Government responded to the objections on April 25, 2016.  [CV Doc. 14, CR. Doc. 171].

The Magistrate Judge then granted Petitioner leave to amend his Petition on April 26, 2016.  [CV Doc. 15, CR Doc. 172].  Petitioner filed his amended Petition on May 3, 2016. [CV Doc. 16, CR Doc. 173].  The amended Petition included the same ineffective-assistance-of-counsel claim as his original petition, *id*. at 5–12, and an entirely new claim related to Petitioner's sentence, *id*. at 12–16.  The Government responded on May 17, 2016.  [CV Doc. 17, CR Doc. 175].  Petitioner replied on June 28, 2016.  [CV Doc. 24, CR Doc. 181].  This Order addresses Petitioner's objections to the Magistrate Judge's PF&RD on Petitioner's claim of ineffective assistance of counsel and the claim related to Petitioner's sentence.  Thus, it will dispose of all claims raised by Petitioner in his Amended Petition.

## I.   Petitioner's Objections to the Magistrate Judge's PF&RD on Petitioner's Claim of Ineffective Assistance of Counsel

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to

preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001).

Judge Vidmar issued his PF&RD on April 5, 2016. [CV Doc. 11, CR Doc. 168]. In that PF&RD, Judge Vidmar analyzed whether negligent use of a deadly weapon is a lesser-included offense of § 924(c). However, Petitioner did not argue that negligent use of a deadly weapon was a lesser-included offense of § 924(c). He argued that negligent use of a deadly weapon is a lesser-included offense of aggravated assault with a deadly weapon.

Petitioner objected on the basis of this error on April 22, 2016. [CV Doc. 13, CR Doc. 169]. The Court sustains his objections and considers de novo whether Petitioner's trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a defendant to show both that his counsel's performance was deficient and that he was prejudiced by that deficiency to succeed on a claim of ineffective assistance of counsel).

Petitioner argues that his trial counsel's performance was deficient because he failed to request a jury instruction for negligent use of a deadly weapon.[2] [CV Doc. 1, CR Doc. 158] at 3. He further argues that he was entitled to such an instruction because negligent use of a deadly weapon is a lesser-included offense of aggravated assault with a deadly weapon. [CV Doc. 6, CR Doc. 163] at 3–4. This matters, Petitioner argues, because the 10-year mandatory § 924(c) sentence would not have applied if he had been convicted of the misdemeanor of negligent use of

---

[2] Negligent use of a deadly weapon, NMSA 1978, § 30-7-4(A) has four subsections. In his Motion, Petitioner seemed to argue that trial counsel should have requested an instruction under the first subsection. [CV Doc. 1, CR Doc. 158] at 3. In his Reply, Petitioner clarified that trial counsel should have requested an instruction under all four subsections. [CV Doc. 6, CR Doc. 163] at 3–4. The Government responded to Petitioner's clarification in its Surreply. [CV Doc. 9, CR Doc. 166].

a deadly weapon rather than the felony of aggravated assault with a deadly weapon.  [CV Doc. 1, CR Doc. 158] at 4.

The Tenth Circuit is clear that "the Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (citing *Beck v. Alabama,* 447 U.S. 625, 638 n.14, (1980)).  Because this is a non-capital case, habeas relief is not available even if Petitioner's counsel erred in failing to request the instruction.  Petitioner has no constitutional right to the lesser-included instruction.

Even assuming that such a right did exist, however, Petitioner has not shown that he was entitled to such an instruction in this case, because negligent use of a weapon is not a lesser-included offense of aggravated assault with a deadly weapon.  Whether one offense is a lesser-included offense of another is determined by the law of the jurisdiction prosecuting the offense. *See Hopkins v. Reeves*, 524 U.S. 88, 94–98 (1998).  Under federal law, an offense is not a lesser-included offense of another offense "unless the elements of the lesser offense are a subset of the elements of the charged offense.  Where the lesser offense requires an element not required for the greater offense, no [lesser-included-offense] instruction is to be given . . . ." *Schmuck v. United States*, 489 U.S. 705, 716 (1989).  Thus, Petitioner must show that negligent use of a deadly weapon does not require any additional elements not required for the charge of aggravated assault with a deadly weapon.

NMSA 1978, § 30-3-1 defines assault as "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery."  Aggravated assault requires proof that the defendant unlawfully assaulted or struck at

5

another with a deadly weapon.   NMSA 1978, § 30-3-2.   The Court instructed the jury in

Petitioner's trial accordingly:

> To find the defendant guilty of [aggravated assault with a deadly weapon], you must be convinced that the government has proved each of the following beyond a reasonable doubt.
>
> First: That the defendant engaged in threatening or menacing conduct by brandishing or discharging a firearm.
>
> Second: That the defendant caused [the victim] to believe that the defendant was about to intrude on [the victim's] bodily integrity or personal safety by touching or applying force to her in a rude, insolent, or angry manner.
>
> Third: A reasonable person in the same circumstances as [the victim] would have had the same belief.
>
> Fourth: The defendant used a firearm.

[CR Doc. 152] at 34–36.[3]

In contrast, the jury instructions for negligent use of a deadly weapon provide that the

jury must find beyond a reasonable doubt that:

> The defendant discharged a firearm into a building [or] vehicle or the defendant discharged a firearm knowing that he was endangering a person [or] property OR
>
> The defendant was carrying a firearm while under the influence of alcohol [or] narcotics OR
>
> The defendant endangered the safety of another, by handling or using a deadly weapon [or] firearm in a negligent manner OR
>
> The defendant discharged a firearm within one hundred and fifty yards of a dwelling [or] building without permission of the owner or lessee.

---

[3] Petitioner was charged with two counts of aggravated assault with a deadly weapon.  Thus, the Court instructed the jury on both counts.  The instructions were identical, except for the name of the victim.  [CR Doc. 152] at 34–36.

UJI 14-703 NMRA.

Each of the subsections of negligent use of a deadly weapon requires an additional element or elements not required for aggravated assault with a deadly weapon. Subsection 1 requires proof that (i) the defendant discharged a weapon into a building or vehicle, or (ii) the discharge was intended to knowingly endanger a person or his property. Subsection 2 requires proof that the defendant was under the influence of drugs or alcohol. Subsection 3 requires proof that (i) the defendant endangered the safety of another person, (ii) by using the weapon in a negligent manner. Subsection 4 requires proof that a defendant discharged the firearm within 150 yards of a dwelling or building without the owner's permission.

It is clear that subsections 2 and 4 and the first clause of subsection 1 of the negligent use of a deadly weapon statute require proof of an additional element not necessary for a conviction of aggravated assault with a deadly weapon. It is difficult to see how one could even make a straight-faced argument that each of these subsections is "subsumed" by aggravated assault, as Petitioner argues. [CV Doc. 12, CR Doc. 169] at 5. The aggravated assault statute does not contain the words "building" or "vehicle," it does not mention drugs or alcohol, and it does not require a defendant to be within a certain number of yards from a dwelling or building.

Finally, subsection 3 and the second clause of subsection 1 of negligent use of a deadly weapon require that a defendant actually endanger another. NMSA 1978, §§ 30-7-4(A)(1), (3). Aggravated assault with a deadly weapon does not. As the Government points out, the aggravated assault statute "does not require that the defendant endanger the safety of the victim. Rather, New Mexico's assault statute, like many assault statutes, reflects a crime of perception— the victim need only reasonably *believe* that harm is imminent . . . a defendant can be guilty of

assault without ever actually endangering the safety of the victim." [CV Doc. 9, CR Doc. 166] at 3. Thus, each and every subsection of negligent use of a deadly weapon requires proof of an additional element. Because the "lesser offense [of negligent use of a deadly weapon] requires an element not required for the greater offense [of aggravated assault with a deadly weapon]," the former is not a lesser-included offense of the latter. *United States v. Barrett*, 797 F.3d 1207, 1220 (10th Cir. 2015), *petition for cert. filed* (U.S. Mar. 14, 2016) (No. 15-8565).

Petitioner has not cited any specific authority that even suggests that negligent use of a weapon is a lesser-included offense of aggravated assault with a deadly weapon, and the Court has been unable to find any. This lack of clear authority further supports the conclusion that Petitioner's counsel was not constitutionally ineffective for failing to request such an instruction. *Strickland* does not require a perfect performance by an attorney. Rather, for counsel's performance to be ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995). Thus, even if habeas relief were available where a lesser-included instruction was omitted (which it was not), and even if negligent use of a weapon were a lesser-included offense of aggravated assault with a deadly weapon (which it is not), Petitioner's claim would still fail. The alleged error of counsel was not "completely unreasonable." *Id.* Petitioner has failed to show that his trial counsel's performance was constitutionally deficient under *Strickland*. His Motion will be denied as to that claim.

II.     **Petitioner's Claim Related to His Sentence Under § 924(c)**

A.      *Johnson* invalidated § 924(e)'s residual clause.

In his amended Petition [CV Doc. 16, CR Doc. 173], Petitioner argues that his sentence

under § 924(c) should be vacated because of the change in law announced by the Supreme Court

in *Johnson v. United States,* 135 S. Ct. 2551 (2015). [CV Doc. 16, CR Doc. 173] at 12.

Under the Armed Career Criminal Act of 1984 ("ACCA") (which is not the law under

which Petitioner was sentenced), a defendant convicted of being a felon in possession of a

firearm faces more severe punishment if he has three or more previous convictions for a "violent

felony." 18 U.S.C. § 924(e)(1). § 924(e) defines "violent felony" as any crime punishable by

imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives,
> **or otherwise involves conduct that presents a serious potential**
> **risk of physical injury to another** . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added).

Section 924(e)(2)(B)(i), which defines "violent felony" as a crime that "has as an element

the use, attempted use, or threatened use of physical force," is commonly referred to as the

"element" or "force" clause.  The first clause of § 924(e)(2)(B)(ii) lists the crimes of burglary,

arson, extortion, or the use of explosives as violent felonies and is commonly referred to as the

"enumerated" clause.   Finally, the bolded language "[has] come to be known as the residual

clause." *Johnson,* 135 S. Ct. at 2556.  In *Johnson,* the Supreme Court held that § 924(e)(2)(B)'s

residual clause is unconstitutionally vague and that imposing an increased sentence under it

violates the Constitution's guarantee of due process.  *Id.* at 2563 ("Decisions under the residual

clause have proved to be anything but evenhanded, predictable, or consistent."). The Court expressly stated that its decision does not apply to sentences enhanced under the element or enumerated clauses of § 924(e). *Id.*

B.     Petitioner requests an extension of *Johnson* that has not been recognized by the Supreme Court or the Tenth Circuit.

Petitioner was not sentenced under the provisions of § 924(e)'s residual clause and does not seek direct application of the *Johnson* decision. Instead, he argues that 1) he was sentenced under § 924(c)'s residual clause, and 2) the Court should extend *Johnson* to § 924(c)'s residual clause. The Court is not persuaded. There is no binding precedent that *Johnson* should be extended to § 924(c)'s residual clause.  More to the point, Petitioner was sentenced under § 924(c)'s element clause, not its residual clause. Petitioner offers no support for the proposition that *Johnson* somehow did (or should) invalidate § 924(c)'s element clause. Rather, his position hinges entirely on his being sentenced under § 924(c)'s residual clause. Tenth Circuit precedent binds this Court: Petitioner was sentenced under § 924(c)'s element clause, which *Johnson* did not affect. [CV Doc. 16, CR Doc. 173] at 12–16.

Section 924(c) provides in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provide for such crime of violence or drug trafficking crime . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

> For purposes of § 924(c), "crime of violence" means an offense that is a felony and:
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3).  § 924(c)(3)(A) is referred to as the "element clause" and § 924(c)(3)(B) is referred to as the "residual clause." *See* [CV Doc. 17, CR Doc. 175] at 6–7.  The § 924(c)(3) residual clause differs from the § 924(e)(2)(B) residual clause held to be unconstitutional in *Johnson*, and the Court is not aware of any Tenth Circuit or Supreme Court decision extending the rationale of *Johnson* to invalidate the § 924(c)(3)(B) residual clause.[4]

Even if the Court were to extend *Johnson* to invalidate § 924(c)(3)(B)'s residual clause, it would not help Petitioner because he was sentenced under the element clause.  The Supreme Court expressly stated in *Johnson* that its holding "[did] not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the definition of a violent felony in § 924(e)(2)(B)."  135 S. Ct. at 2563.  Petitioner was convicted of aggravated assault with a deadly weapon under NMSA 1978 § 30-3-2(A).  He argues—without citing Tenth Circuit authority to support his position—that aggravated assault with a deadly weapon is categorically not a crime of violence under the elements clause of § 924(c)(3)(A).  [CV Doc. 16, CR Doc. 173] at 14–15.  Petitioner then makes an unwarranted analytical leap, in essence contending that, because aggravated assault with a deadly weapon should not be treated as a crime of violence

---

[4] The Court has not conducted an exhaustive review of this fast-changing area of law.  However, the Sixth Circuit Court of Appeals recently held that *Johnson* did not affect § 924(c)'s residual clause.  *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) ("Petitioner's argument that *Johnson* effectively invalidated § 924(c)(3)(B) is . . . without merit.").

under § 924(c)'s element clause, Petitioner's sentence must be deemed to have been imposed under its residual clause.

This Court is bound by Tenth Circuit precedent. *United States v. Spedalieri,* 910 F.2d 707, 709 (10th Cir. 1990). The Tenth Circuit has previously held that aggravated assault under New Mexico law constitutes a violent felony under the identical elements clause language of § 924(e). *See United States v. Ramon Silva,* 608 F.3d 663 (10th Cir. 2010). The Tenth Circuit also recently held that a conviction of aggravated assault with a deadly weapon under Oklahoma law qualifies as a crime of violence under the elements clause. *United States v. Mitchell,* No. 15-7076, 2016 WL 3569764, at *5–6 (10th Cir. June 29, 2016).[5] In doing so, it reaffirmed its holding in *Silva* and noted that "an apprehension-causing assault with a deadly or dangerous weapon constitutes a sufficient threat of force to satisfy the elements clause." *Id.* at *5. As set out above, the validity of the element clause of § 924(c), under which Petitioner was sentenced, is unaffected by *Johnson.*[6]

Petitioner was given an increased sentence under the element clause of § 924(c)(3), not under its residual clause. The crime of aggravated assault with a deadly weapon is properly considered to be a crime of violence for purposes of the element clause under binding Tenth Circuit precedent. The Supreme Court's decision in *Johnson* does not apply to or affect Petitioner's sentence under the element clause § 924(c)(3)(A), and he is not eligible for relief.

---

[5] In *Mitchell,* the Tenth Circuit analyzed whether aggravated assault with a deadly weapon fell under the element clause of USSG § 4B1.2(A)(1), which is identical to § 924(e)(2)(B)'s element clause. *Mitchell,* No. 15-7076, slip. op. at 6.

[6] Petitioner cites Judge Browning's decision in *United States v. Miera,* No. CR 12-3111 JB (D.N.M. Nov. 22, 2013) to support his argument that he was sentenced under the residual clause. While Judge Browning may have criticized *Silva* in its opinion in *Miera,* he still followed the precedential holding.

C.    Petitioner's claim is procedurally defaulted.

The United States also raises the issue of procedural default.  [CV Doc. 17, CR Doc. 175] at 3–7.  In general, when a defendant fails to raise an issue on direct appeal, he is barred from raising that issue in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the claimed error, or can show that a fundamental miscarriage of justice will occur if the issue is not addressed.  *United States v. Hollis,* 552 F.3d 1191, 1193–94 (10th Cir. 2009).

The question of whether aggravated assault with a deadly weapon is a crime of violence under the element clause of § 924(c)(3)(A) was an issue that was available to and could have been raised by Petitioner at the time of his conviction and sentencing.  *See Johnson v. United States,* 559 U.S. 133 (2010) (an earlier case unrelated to the 2015 *Johnson* decision in which the Supreme Court held that the Florida felony offense of battery did not fall under the element clause of § 924(e)(2)(B)).  Petitioner did take a timely direct appeal.  [CR Doc. 129].  However, with the help of an attorney, he chose to dismiss the direct appeal so he could pursue a claim of ineffective assistance of counsel on collateral review instead.  *See* [CR Docs. 141, 144, 157]. The strategic decision to dismiss his direct appeal does not constitute cause excusing procedural default.  *Murray v. Carrier,* 477 U.S. 478, 493 (1986).  Nor will a fundamental miscarriage of justice occur because the claim of ineffective assistance of counsel remained available for collateral review.  The ability to raise ineffective assistance claims "substantially undercuts any predictions of unremedied material injustices."  *Id.* at 496.  Even if Petitioner were eligible for relief on the § 924(c)(3)(A) question (which he is not), the issue would be barred by procedural default.

### Conclusion

The Court **SUSTAINS** Petitioner's objections [CV Doc. 12, CR Doc. 169] to the Magistrate Judge's PF&RD, but **DENIES** his claim of ineffective assistance of counsel [CV Doc. 1, CR Doc. 158] *and* [CV Doc. 16, CR Doc. 173] at 5–12. Finally, the Court **DENIES** the claim regarding Petitioner's sentence under § 924(c).   [CV Doc. 16, CR Doc. 173] at 12–16.

**IT IS THEREFORE ORDERED, ADJDUGED, AND DECREED** Petitioner's Amended Petition Pursuant to 28 U.S.C. § 2255 [CV Doc. 16, CR Doc. 173] is **DENIED** and the civil case **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

_____
**THE HONORABLE MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Jason Bowles
Bowles Law Firm
*Attorney for Defendant/Petitioner*

Holland S. Kastrin
Assistant United States Attorney
*Attorney for Plaintiff/Respondent*